IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA
        Plaintiff,

VS.                                  No. 1:19-CR-10097

RANDY TYRICE FITTS
        DEFENDANT

**MEMORANDUM OF LAW IN SUPPORT
OF 28 U.S.C. §2255 TO VACATE, SET ASIDE,
OR CORRECT SENTENCE**

Comes now the Movant, Randy Tyrice Fitts, pro se, without the assistance of counsel thus now submits his Memorandum Of Law In Support of his 28 U.S.C. §2255 motion.

**I. INTRODUCTION AND HISTORY**

According to the discovery produced in this case officers with the Weakley County Sheriff's Office set up a controlled marijuana purchase between Mr. Fitts and a confidential informant (CI), on May 17, 2018. There where never any charges stemming from this alleged controlled purchase nor any details as to quantity purchased or amount paid to purchase. Nor where there ever any video shown, witness produced or any evidence of this alleged transaction that the Weakley County Sheriff's Office proclaimed to have. A search warrant drafted by Investigator Randall McGowan of Movant's home based soley upon this one controlled purchase. The warrant was based upon an assumption and belief that the marijuana Mr. Fitts sold was stored in the residence. See warrant and affidavit, attached here to collectively as Exh. A.

While awaiting the arrival of the search warrant, officers kept watch on the residence. Smith testified at the State preliminary hearing on a

1

motion to suppress. Smith testified that he saw Mr. Fitts leave his home again. Smith pursued Mr. Fitts and pulled him over approximately 3 (three) blocks from his home. Smith noted the smell of marijuana coming from the vehicle, and Mr. Fitts advised him that he had marijuana in his pocket. Mr Fitts was taken into custody, and at that point, marijuana was found on his person.

Smith stated in his testimony that after he had taken Mr. Fitts into custody he transferred Mr. Fitts back to his home where they were waiting on the return of the search warrant. While waiting Smith claims Fitts said he looked like a stand up guy, and he would just take him into his house and give him the drugs. Thus, the search of the residence occurred prior to the arrival of the search warrant.

Mr. Fitts testified at the State preliminary hearing. He denied giving consent to the officers. He testified that Smith had informed him that the judge had signed the search warrant and they where going in to search his home rather he unlocked the door or not. At that time Fitts testified that he removed the alarm from his home and unlocked the door. Not wanting any damage to his home.

When McGowan arrived with the warrant, the search was already underway. He testified at the State preliminary hearing that he executed the warrant regardless.

The State court determined that the warrant was flawed. The court noted first that the affidavit underlying the warrant was undated (i.e., it contained the month and year, May, 2018, but the blank line for the exact day was not filled in). The court also noted that the search warrant itself contained two different dates, one being the day before the warrant was even applied for.

The State Court also gave consideration as to if Fitts had given consent as to how Smith claimed the events took place would the consent be voluntary or involuntary. The State Court ultimately determined even if Fitts had given consent the fact that Fitts had been handcuffed for and informed of the search warrant even if he had consented it would nonetheless be involuntary consent.

Because the State Court determined that the search warrant and affidavit was flawed and the consent even if considered to be true would be involuntary the evidence was suppressed and the case was dismissed in State proceedings. The prosecution for the state elected not to appeal. Fitts was not charged with any other crime besides the contraband found in his home.

August 12, 2019, 15 months (approximately 450 days later) Judge Moore submitted in to the discovery that was given to the Federal Government a document expressing his explanation of why the search warrant had two different dates on it.

Also in the discovery to the Federal Government was a affidavit to the search warrant that contained a date and different signatures.

Fitts' was arraigned September 19, 2019, the parties were given thirty (30) days to file pretrial motions During the report date November 27, 2019, Ms. LaRonda Martin (Fitts' then counsel) informed the Court that she planned to file a motion to suppress and requested an extension of the deadline to file the motion. The Court extended the deadline until January 3, 2020, on January 3, 2020, counsel submitted the motion to

3.

suppress.

After the Governments request for an extension, and the delays of covid-19 to the courts on August 12,2020, a hearing was held in regards to the suppression hearing. At this time counsel made mention of the tampering of the affidavit in support of the search warrant and on August 25, 2020, counsel submitted a supplemental motion to suppress because the affidavit submitted to the Federal Government had been tampered with and falsified to be the original affidavit signed by Judge Moore.

On September 23, 2020, Judge Breen issued an order denying the motion to suppress on the merits but denied the supplemental motion to suppress for being untimely filed.

December 2020, Movant accepted a plea for violating 21 U.S.C. :841(a)(1), and 18 U.S.C. §924(c)(1)(A)(i) and after a couple of delayed sentencing dates Fitts was final sentenced May 5, 2021.

## II. Arguments and Authorities

### A. Ineffective assistance of counsel for failure to timely file a motion to suppress affidavit to search warrant due to tampering.

The Sixth Amendment right to counsel includes the right to the "reasonable effective assistance" of counsel. Strickland v. Washington, 466 U.S. 668, 687, 104 S.CT. 2052, 80 L.ED. 2d. 671 (1984). To demonstrate ineffective assistance of counsel the defendant must show that counsel's performance was deficient and that defendant was prejudice by the deficient performance. Strickland, 466 U.S. at 687; see also Huff v. United States 734 F #D. 600, 606 (6th Cir. 2013) Movant contends that the court has already found Ms. Martin's performance was deficient, by finding that she presented

4.

no legitimate reason for seeking to file the supplemental motion six (6) months after the filing of the initial motion to suppress, requesting a Franks hearing pursuant to Franks v. Delaware, 438, U.S. 154, 171 (1978).

Movant express he sustained prejudice that could have change the outcome of the judgement but for counsel's deficient performance. The error was so plain that even Judge Breen described it as "apparant tampering." As dually noted in the record the affidavit to the search warrant did not have a date on it. So it is apparent the affidavit given to the Federal Government is a falsified document. Also the differences of the signatures are visibly different and "Precedent supports the acceptance of visual comparison as sufficiently saying preliminary authentication requirements for admission in evidence. Brandon v. Collins, 267 F. 2d. 731 (2d. Cir 1959) Wausau Sulphate Fibre Co. v. Commissioner of Internal Revenue, 61 F.2d. 879 (7th Cir 1932); Desimone v. United States, 227 F. 2d. 864 (9th Cir. 1955).

Which in proving the affidavit was tampered with and sufficiently showing it was a falsified document would automatically exclude it from evidence. Compare Exhibit A. to Exhibit B.

In the unpublished case of United States v. Dixon 2021 U.S. Dist. Lexis 46844, the courts stated "After all, if Dixon (defendant), alleges, law enforcement created falsified warrant documents only after in the first instance or obtained the documents only after the search already took place the hearing before the magistrate, will not suffice to discourage lawless or reckless misconduct. With the heart of Franks being so implicated here the court concludes that a falsified affidavit and warrant are just another example, and perhaps an even more worrisome one, of the "spector of intentional falsification" that Franks afforded procedural mechanism to uncover. Accordingly, as Dixon's (defendant), motion to suppress seeks an

evidentiary hearing to receive testimony and evidence on the "authenticity and validity of the purported search warrant based upon allegations that it did not exist when the search of the house took place, the court concludes that the Frank's standard applies.

Fitts now addresses the critical, requirements of Franks. Franks requires not only "allegations of deliberate falsehood or of reckless disregard for the truth" but also requires that "those allegations must be accompanied by an offer of proof." Franks 438 U.S. at 171 (emphasis added). While Fitts' not only has made the allegation that the affidavit presented to the Federal Government in discovery has been tampered with but it is a drafting of a total new document from the affidavit submitted to the State Court. Thus satisfying both requirements by a preponderance of evidence. If defendant succeeds in making this preliminary showing and a Franks hearing reveals a material falsehood or omission, evidence obtained as a result of the search warrant must be suppressed. Frank, 438 U.S. at 156.

Although the issue of consent was ruled on in the state court and found to be even if the events had taken place as Officer Smith had articulated them and if Fitts had given consent it would be considered as involuntary consent. Smith detained Fitts approximately 3 blocks from his home placed Fitts in cuffs drove him back to his home and while waiting on Officer McGowan to return with the search warrant after being informed that Judge Moore had signed the search warrant informed Fitts that the search warrant was on the way and they would be going in his home one way or another.

Consent is voluntary when it is 'unequivocal, specific, and intelligently given, uncontaminated by any duress or coercion." United States v.

Beauchamp, 659 F 3d. 560, 571 (6th Cir. 2011) (quoting United States v. Moon, 513 F 3d. 527, 537 (6th Cir. 2008)). "Voluntariness is determined by examining the totality of the circumstances." Id. at 571-72. "Several factors should be examined in the consent calculus." Id. at 572. First a court should examine the characteristics of the accused, including the age, intelligence, and education of the individual; whether the individual understands his or her constitutional rights." Id. (citing United States v. Jones, 846 F 2d. 358, 360 (6th Cir. 1988)). "While the police do not have to inform an individual of his right to refuse, the absence of such a warning is considered in the totality of circumstances analysis." Id. "Second, a court should consider the details of the detention, including the lenth and nature of detention, the use of coercive or punishing conduct by the police, and indications of more subtle forms of coercion that might flaw an individual's judgment." Id' (internal citations omitted).

It is undisputed that Fitts was arrested and in handcuffs, transported from 3 blocks away to his home where he was then left in a police vehicle while other officers where in the process of obtaining a search warrant for his home. While waiting for the arrival of the search warrant Fitts has testified that Officer Smith informed him that the search warrant had been signed and they where going in his home one way or another and at that time he unlocked his door to his home. Fitts detention is a clear indication of a form of coercion.

Additionally, with the detention and the threat that a search warrant had been signed by a Judge and the threat that the officers where going

7.

to enter Fitts' home regardless are cumulative forms of subtle coercion. The courts have held "no matter how subtly the coercion (is) applied, the resulting 'consent' is no more than a pretext for the unjustified police intrusion," which the Constitution prohibits. Schneckloth v. Bustamonte, 415 U.S. 228 93 S. Ct. 2041 36 L. Ed. 2d. 854 (1973).

Officer Smith testified in the State Court proceeding that it is common practice to have an individual sign a consent form before he proceed to search after being given consent. As well as consistently suggesting that he did not recall certain accounts as to how the alleged consent came about. Consent is not lightly to be inferred, and a search based on consent requires more than an expression of futility in resistance to authority or acquiescing in the officers request. The Government bears the burden of proving, by clear and positve testimony, that the officers had consent to enter the residence.

A determination of consent to enter must be judged against an objective standard. The proper inquiry therefore, is: what would the typical reasonable person have understood by the exchange between the officer and the suspect?

Fitts testified at the state courts suppression hearing that after Officer Smith had informed him that a search warrant had been signed and that they where going to enter his home rather he unlocked the door or not that he simply unlocked the door which would only be an act of acquiescing. However even if Fitts had given Officer Smith consent it is obvious declared to be involuntary consent because of the contaminating factors of the detention and the coercion of the search warrant was signed and

8.

on the way and the threat that they where going to enter the home regardless. any reasonable person would have concluded that they only had one of two options unlock the door or have the door of your home kicked down by law enforcement.

It is the Government's burden by a preponderance of the evidence, to show through clear positive testimony that valid consent was obtained. With the fact of what Officer Smith has said and the lack of what he proclaims he cannot recall it would be impossible for the Government to give such a showing. Unless Smith miraculously remembered different accounts of the events than what where shown on record and what he could not 7 months after the search.

It is clear had counsel timely filed the motion to suppress Fitts case would have been dismissed because inevitably the evidence would have been suppressed. Therefore not for counsel deficiencies Fitts would not have plead guilty.

### B. Due process violation by prosecutorial misconduct for Government allowing the presentation of falsified documents to go uncorrected

Once Ms. Martin notified the courts that the affidavit to the search warrant had been tampered with by a showing of the record from the state court and a showing of the differences of the affidavits presented to the state court and the affidavit found in the discovery given to the Government. On having a written in date of the 17 and one being blank as well as the differences between the signatures it was apparent the Government had presented a falsified document to the courts.

Prosecutors "may not knowingly present false evidence." United States v. Fields, 763 F .3d 443, 462 (6th Cir. 2014) (citing Miller v. Pate,

9.

386 U.S. 1, 87 S. Ct. 785, 17 L. Ed. 2d 690 (1967)). The Supreme Court has made clear that "deliberate deception of a court and jurors by the presentation of known false evidence is incompatible with rudimentary demands of justice. "Giglio v. United States, 405 U.S. 150, 153 92 S. CT. 763, 31 L. Ed. 2d 104 (1972) (quoting Mooney v. Holohan, 294 U.S. 103, 112, 55 S. Ct. 340, 79 L. Ed. 791 (1935)0.

To prove that the prosecutor's failure to correct false testimony violated due process rights, a petitioner must demonstrate that: (1) the statement was actually false; (2) the statement was material; and (3) the prosecution knew it was false." Rosencrantz v. Lafler, 568 F .3d 577, 583-84 (6th Cir. 2009); see also Amos v. Renico, 683 F .3d 720, 728 (6th Cir. 2012). Petitioner must demonstrate that the testimony in question was "indisputably false" and that the alleged perjury was not harmless error. Monea v. United States, 914 F. 3d. 414, 421 (6th Cir. 2019).

Staying within the context of the law that prosecutors are not at liberty to knowingly present false evidence Fitts will address each element in context. (1) The affidavit presented to the Government is a total different document from the original affidavit that was presented to the state court. The addition of the date proves tampering the differences of the signatures shows falsification. Even Judge Breen described the discrepancies as "apparent tampering." This only says that the alteration was so obvious it could not be overlooked nor could the presented affidavit be accepted as the original.

(2) The question of material is apparent because without the affidavit in support of the search warrant the search warrant would not have any basis to be issued.

(3) Once counsel presented the claim and proved the affidavit had been tampered with the Government had complete knowledge that they had presented false evidence to the courts. Supreme Court has long held due process is violated "when the prosecution, although not soliciting false evidence, allows it to go uncorrected when it appears. "Napue v. Illinois, 360 U.S. 264 269, 79 S. Ct. 1173, 3 L Ed. 2d 1217 (1959). As Judge Breen, stated the tampering was apparent, being counsel presented the issue it is undoubted that the Government looked at the two different affidavits and compared the two and could have only came to the same conclusion as any other prudent individual the affidavit submitted to the Federal Government was not the original and the document he presented to the grand jury and the courts was a falsified document.

In this case a genuine issue as to the authenticity of the original exists. In U.S. v. Haddock, trial courts were admonished to "be weary of admitting duplicates where the circumstances surrounding the execution of the writing present a substantial possibility of fraud." 956 F.2d 1534 1545 (10th Cir. 1992). Federal Rules of Evidence 1002 states: To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by Act of Congress.

Counsel presented the original that was filed in the Weakley County court that has a file date of May 21,2018, on it. And it was clearly not the same document or signatures as presented to the Federal Government.

Rule 1003 of the Federal Rules of Procedure provides that: a duplict is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in circumstances it would be unfair to admit the duplicate in lieu of the original.

11.

There is obvious a question about the authenticity of the affidavit and it is undoubtedly unfair to allow the courts to draft a new affidavit in fear of another dismissal for the flaws pointed out to the search warrant and affidavit in the state court. This was nothing no more than there being a second bite at the apple towards Mr. Fitts.

The Fourteenth Amendment, protects an individual from deprivation of life, liberty or property, without due process of law. "Bazzetta v. McGinnis, 430 F .3d 795, 801 (6th Cir. 2005). To establish a Fourteenth Amendment procedural due process violation, a plaintiff must show that one of these interests is at stake. Wilkinson v. Austin. 545 U.S. 209, 221, 125 S. Ct. 2384, 162 L. Ed.. 2d 174 (2005). Analysis of a procedural due process claim involves two steps:" The first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient...."Ky. Dep't of Corr. v. Thompson, 490 U.S. 454, 460, 109 S. Ct. 1904 L. Ed. 2d 506 (1989) (citation omitted).

To excuse the Governments error in knowingly present a falsified document leaves Fitts liberty at stake, and totally disregards the Fourth Amendment right that stands to be clearly violated in convicting a person on an affidavit that can only be proven to have been drafted after the suppression hearing in the state on that was held December 10, 2018. At which time the original affidavit presented to the State Court that was filed May 21, 2018, did not have a date on it. Now over 15 months later in August of 2019, the Federal Governmnent receives an affidavit that has a date and different signatures this is clearly deliberate deception.

A basic principle is that there is a Federal Constitutional floor

12.

in criminal justice matters established by the due process clause, that floor cannot be breached. As an officer of the court the prosecutor has a duty to uphold that floor. And choosing to convict without correcting the deliberate deception once he became aware of it not only says he condone the actions the Supreme Court condemns but became a participant.

Thus, his prosecutorial misconduct rose to a level of due process violation in an attempt to lower the floor of the Federal Constitution.

### C. Autrefois Acquit prohibits a second prosecution.

Autrefois acquit is a common law plea in bar of arraignment asserting that the defendant has been acquitted of the offense. Black's law dictionary.

Fitts contends that the doctrine of autrefois acquit bars a second prosecution, even when the doctrine of autrefois convict would not. Gamble v. United States, 139 S. Ct. 1960, 1975, (2019) (noting parenthetically that a prior acquittal has a different preclusive effect than a prior conviction).

Movant indictment in the state court where precisely the same as these here in the Federal Court. T.C.A §39-17-417(a)(4) is precisely the same as the federal charge 21 U.S.C. §841(a)(1). The State charge T.C.A. 39-17-1324(a) which is precisely the same as 18 U.S.C. §924 (c)(1)(A)(i). And T.C.A. 39-17-1307(b)(1) which is precisely the same as 18 U.S.C. §922(g)(1). Fitts was acquitted of all charges in the State.

The State Courts dismissed all the charges after suppressing the evidence and the prosecution elected no to appeal therefore making the Courts dismissal of the charges a full and final determination of the admissibility of the evidence.

Therefore the charges in which the Federal Government has charged Fitts

13.

are prohibited to convict Fitts of these charges.

## Requested Relief.

For the claims presented to the Courts Fitts ask that the courts vacate his sentence and for the purpose of time and judicial resources dismiss his charges; seeing the affidavit is a falsified document and the Governments only other recourse to have evidence submitted would be a theory of consent that has already failed, and give him immediate release.

Or give Fitts an Evidentiary hearing with the appointment of counsel to have these issues further discussed before Honorable Judge Breen.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this memorandum of law for the filed 28 U.S.C. § 2255 was placed in the prison mailing system on

_February 15, 2022_
(month, date, year).

_/s/ Randy Fitts_
Signature of Movant

14.