IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| RANDY TYRICE FITTS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civ. No. 1:22-cv-01021-JDB-jay |
| v. | ) | Cr. No. 1:19-cr-10097-JDB-1 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER DENYING § 2255 MOTION, DENYING CERTIFICATE OF APPEALABILITY,
CERTIFYING APPEAL IS NOT TAKEN IN GOOD FAITH, AND DENYING LEAVE TO
PROCEED IN FORMA PAUPERIS ON APPEAL

Before the Court is the *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion") of Petitioner, Randy Tyrice Fitts, Bureau of Prisons register number, 19868-033, an inmate incarcerated at the United States Penitentiary in Marion, Illinois. (Docket Entry ("D.E.") 1.) For the reasons that follow, the § 2255 Motion is DENIED.

BACKGROUND

On August 19, 2019, a federal grand jury returned an indictment charging Petitioner with possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) (Count 1); possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 2); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 3). (No. 1:19-cr-10097-JDB-1 [hereinafter "19-cr-10097"], D.E. 1.)[1]

---

[1] Unless stated otherwise, all references to the record are to No. 1:22-cv-01021-JDB-jay.

On January 3, 2020, Fitts filed a motion to suppress evidence seized during the police search of his home.  (*Id.*, D.E. 23.)  The evidence seized included 6 pounds of marijuana, $15,686.54 in cash, digital scales, and a firearm.  (*Id.*, D.E. 23 at PageID 60.)  Petitioner maintained that the affidavit supporting the search warrant failed to establish the requisite nexus between his residence and any evidence of drug dealing.  (*Id.*, D.E. 23 at PageID 43-45.)  As he explained, the affidavit described only "one controlled drug purchase away from the residence," along with the fact that an officer had observed Fitts leave the residence, drive to the site of the controlled purchase, and then return to the residence.  (*Id.*, D.E. 23 at PageID 44.)  According to Petitioner, "the affidavit did not provide reasonable cause to believe that the marijuana [he] sold to the [confidential informant] could be located in his home."  (*Id.*, D.E. 23 at PageID 43.)

The Respondent, United States, filed a response to the motion on February 21, 2020, and supplemental responses on August 10 and 11, 2020.  (*Id.*, D.E. 33, 46, 48.)  The Court held a hearing on Fitts's motion on August 12, 2020.  (*Id.*, D.E. 49.)  After the hearing, Petitioner's attorney filed a supplemental motion to suppress, in which she claimed to have uncovered evidence that the affidavit had been "tamper[ed] with" or altered.  (*Id.*, D.E. 50 at PageID 131.)  The Government submitted a response and supplemental response.  (*Id.*, D.E. 51 & 52.)

Fitts's attorney pointed out that the affidavit produced during discovery in the federal case was dated May 17, 2018.  (*Id.*, D.E. 50 at PageID 130; *see id.*, D.E. 23-1 at PageID 59.)  However, the affidavit she obtained directly from the county clerk's office was undated (i.e., it included the month and year, but nothing for the exact day).  (*Id.*, D.E. 50 at PageID 130; *see id.*, D.E. 23-1 at PageID 57.)  His attorney also attached a copy of the transcript from the state suppression hearing where the state court judge remarked that the affidavit submitted as evidence was undated.  (*Id.*, D.E. 50 at PageID 141.)  Petitioner's counsel further claimed that it appeared to her that the

2

magistrate's signature on the undated affidavit from the county clerk's office differed from the signature on the dated affidavit produced by the Government.  (*Id.*, D.E. 50 at PageID 131.)

The Court denied both Fitts's motion and supplemental motion.  (*Id.*, D.E. 53.)  With respect to the arguments raised in his initial motion to suppress, the Court concluded that the good-faith exception to the exclusionary rule in *United States v. Leon*, 468 U.S. 897 (1984), applied to the search warrant in his case.  (*Id.*, D.E. 53 at PageID 169-72.)  As the Court explained, the information in the affidavit established a "minimally sufficient nexus" between the drug activity and Fitts's residence to support an officer's good-faith belief that the search warrant was valid. (*Id.*, D.E. 53 at PageID 169-72.)

Next, the Court addressed the claim in Defendant's supplemental motion that someone had tampered with the warrant affidavit.  (*Id.*, D.E. 53 at PageID 172-74.)  After summarizing the evidence that Fitts's attorney had offered to support the alleged tampering, the Court concluded, relying on Rule 12(c)(3) of the Federal Rules of Criminal Procedure, that the motion was untimely and that Fitts's attorney had failed to show "good cause" for not submitting the motion by the Court's pretrial motions deadline.  (*Id.*, D.E. 53 at PageID 174.)  As the Court explained, the affidavits that Petitioner's attorney offered to support her claim of tampering were both attached to the initial motion to suppress, and therefore, that issue could have been raised at that time.  (*Id.*, D.E. 53 at PageID 174.)

Following the denial of his motions, Fitts pleaded guilty to Counts 1 and 2 of the indictment pursuant to a written plea agreement.  (*Id.*, D.E. 75 at PageID 279.)  His plea agreement contained an appeal waiver, which provided as follows:

> [T]he defendant hereby waives all rights conferred by 18 U.S.C. § 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence is imposed, unless the sentence exceeds the maximum permitted

by statute or is the result of an upward departure from the guideline range that the District Court establishes at sentencing.

(*Id.*, D.E. 60 at PageID 187.)  He also waived his right to appeal the Court's denial of his motion to suppress evidence and supplemental motion.  (*Id.*, D.E. 60 at PageID 188.)  Additionally, Fitts waived his right to collaterally attack his sentence under § 2255, "except with regard to claims relating to prosecutorial misconduct or ineffective assistance of counsel."  (*Id.*, D.E. 60 at PageID 188.)

On May 5, 2021, the Court sentenced Fitts to 6 months of imprisonment on Count 1 and 60 months on Count 2 to be served consecutively, for a total aggregate sentence of 66 months.  (*Id.*, D.E. 75 at PageID 279, 281.)  Count 3 of the indictment was dismissed on the Government's motion.  (*Id.*, D.E. 75 at PageID 279.)  He did not file a direct appeal.

On January 31, 2022, Fitts filed a timely § 2255 Motion (D.E. 1) and later submitted a supporting memorandum of law (D.E. 4).  Respondent filed its answer on June 10, 2022, along with an affidavit from Fitts's attorney, LaRonda Renee Martin.  (D.E. 14 & D.E. 14-1.)  Petitioner filed a reply on July 5, 2022.  (D.E. 16.)

ANALYSIS

A prisoner seeking relief under § 2255 must allege: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid."  *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks and citation omitted).  A petitioner has the burden of proving that he is entitled to relief by a preponderance of the evidence.  *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

Fitts alleges three grounds for relief: (1) his attorney was ineffective for failing to file a timely motion to suppress that challenged the warrant affidavit on the ground that it had been

4

"tampered with"; (2) the Government engaged in prosecutorial misconduct by presenting the alleged "tampered with" affidavit to the Court; and (3) the federal prosecution against him was prohibited by the doctrine of *autrefois acquit*.  (D.E. 1 at PageID 4-7.)

Claim 1:  Ineffective Assistance of Counsel

The framework for assessing Fitts's claim of ineffective assistance of counsel is set out in *Strickland v. Washington*, 466 U.S. 668 (1984).  *Strickland* requires that Petitioner show two elements: (1) "that counsel's performance was deficient" and (2) "that the deficient performance prejudiced the defense."  *Id*. at 687.  If he does not make either showing, his claim fails and the Court's analysis ends.  *See id*.

To establish deficient performance, a prisoner "must show that counsel's representation fell below an objective standard of reasonableness."  *Id.* at 688.  When reviewing the attorney's performance, a court must make "every effort . . . to eliminate the distorting effects of hindsight" and "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."  *Id*. at 689-90.  A court applies "a strong presumption" that counsel's representation was "within the wide range of reasonable professional assistance."  *Id.* at 689.  The prisoner bears the burden of showing that his attorney "made errors so serious that the counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  *Id*. at 687.

The test for prejudice requires Fitts to show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  "It is not enough for the [prisoner] to show that the errors had some conceivable effect on the outcome of the proceeding.  Virtually every act or omission of counsel would meet that test."  *Id*. at 693.

Rather, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

Fitts argues that his attorney was ineffective for failing to file a timely motion to suppress that challenged the warrant affidavit on the ground that it had been "tampered with." (D.E. 1 at PageID 4; D.E. 4 at PageID 19-24.) According to Petitioner, if his attorney had filed a timely motion raising the issue, the evidence seized from his residence would have been suppressed and the federal charges against him would have been dismissed. (D.E. 4 at PageID 24.)

Claims about the deprivation of constitutional rights that occur before the entry of a guilty plea are foreclosed by the plea. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). The Supreme Court explained in *Tollett* that:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea . . . .

*Id*. at 267. Among the constitutional defects that may be forfeited are Fourth Amendment challenges and claims that counsel was ineffective for failing to file a motion to suppress. *See United States v. Bogle*, No. 21-3746, 2023 WL 110722, at *2 (6th Cir. Jan. 5, 2023) (explaining that "by pleading guilty, [the defendant] forfeited his Fourth Amendment grounds to appeal the admissibility of the evidence."); *see also United States v. Stiger*, 20 F. App'x 307, 309 (6th Cir. 2001) (concluding that the defendant's argument that counsel was ineffective for failing to file a motion to suppress evidence was waived by guilty plea).

Fitts's claim that counsel was ineffective for failing to file a timely motion to suppress that raised the issue of alleged tampering does not attack the voluntary or intelligent nature of his guilty plea. (*See* D.E. 1 at PageID 4 & D.E. 4 at PageID 19-24.) Instead, it relates to "earlier alleged

6

constitutional deprivations." *See Stiger*, 20 F. App'x at 309.  Thus, his claim is foreclosed by his

guilty plea.  *See id.*; *see also Tollett*, 411 U.S. at 267.

Petitioner's claim of ineffective assistance of counsel fails for the additional reason that he

has not shown that his motion to suppress based on alleged tampering would have been

meritorious. [2]  *See Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986).  The Supreme Court has

noted:

> Where defense counsel's failure to litigate a Fourth Amendment claim competently
> is the principal allegation of ineffectiveness, the defendant must also prove that his
> Fourth Amendment claim is meritorious and that there is a reasonable probability
> that the verdict would have been different absent the excludable evidence in order
> to demonstrate actual prejudice.

*Id*.

In its response to Fitts's supplemental motion to suppress, the Government presented to the

Court photographs of the original search warrant and supporting affidavit, which were obtained

from the office of the issuing state court judge.  (19-cr-10097, D.E. 51-1, 51-3.)  Those documents

show that the affiant, Investigator Randall McGowan of the Weakley County Sheriff's

Department, signed and dated the original copy of his affidavit, which was retained by Judge

Thomas L. Moore, the General Sessions Court Judge for Weakly County.  (*See id.*, D.E. 51-1.)

The original search warrant contains Judge Moore's signature and the handwritten date of

May 17, 2018.  (*See id.*, D.E. 51-3.)  The warrant lists the "issue date" as May 16, 2018, but as

---

[2] Fitts contends that this Court "acknowledged [that] the affidavit had been tampered with"
in its order denying the supplemental motion to suppress.  (D.E. 1 at PageID 4.)  Contrary to what
Petitioner claims in his § 2255 motion, the Court did not find that the warrant affidavit had been
"tampered with."  The Court merely summarized the argument in the supplemental motion, and
then stated that "[b]ased on this apparent tampering with the affidavit that [Fitts's attorney] did
not realize at the time the initial motion to suppress was filed," his counsel sought a hearing pursuant
to *Franks v. Delaware*, 438 U.S. 154 (1978).  (19-cr-10097, D.E. 53 at PageID 173.)

Judge Moore explained in a signed statement presented with the Government's response to the original motion to suppress, this computer-printed date was a typographical error.  (*Id.*, D.E. 33-2).  According to Judge Moore, he reviewed, signed, and issued the warrant on May 17, 2018, not on May 16.  (*Id.*, D.E. 33-2.)

That the warrant contained two different dates—the pre-printed date of May 16, 2018, and the handwritten date of May 17, 2018—or if the affidavit contained an incomplete date, listing only the month and year, is of no consequence to the validity of the search warrant given that Judge Moore issued the warrant immediately, and the police officers, unaware the pre-printed date was incorrect, executed the warrant in good faith.  *See United States v. Boyd*, 992 F.2d 1217, 1217 (6th Cir. 1993) (per curiam) (affirming denial of motion to suppress based on good-faith exception where "magistrate had mistakenly placed the wrong date in one spot on the warrant").

There is also no credible evidence to support Fitts's claim that the dated and undated copies of the affidavits were signed by different people.  (*See* 19-cr-10097, D.E. 50 at PageID 131.)  Attorney Martin stated in an affidavit that after the denial of the supplemental motion to suppress, she "retained a handwriting expert to review the affidavits . . . and other documents previously signed by the state court judge."  (*See* D.E. 14-1 at PageID 76.)  She asked the handwriting expert to "determine if the defense's position that the signatures on the affidavit were signed from different persons was correct."  (*Id.*)  According to Martin, "[t]he expert's opinion was not favorable" to the defense.  (*Id.*)

Because the evidence shows that Investigator McGowan meet with Judge Moore on May 17, 2018, and submitted the warrant application to him, and that Judge Moore signed and issued the search warrant on that date, Fitts's claim of tampering is baseless, and he cannot show

that a timely motion to suppress raising this claim would have been successful.[3]  *See Carter v. Parris*, 910 F.3d 835, 839 (6th Cir. 2018) (stating that a petitioner cannot show prejudice under *Kimmelman* where "the motion to suppress would have been denied regardless of his attorneys' arguments.").

For all of these reasons, Fitts has failed to show that his attorney's representation fell below an objective standard of reasonableness, or that a timely challenge to the warrant affidavit based on his claim of alleged tampering would have been successful.[4]  *See Strickland*, 466 U.S. at 688; *Kimmelman*, 477 U.S. at 375.  As such, his claim that he received ineffective assistance of counsel is DENIED.

Claim 2:  Prosecutorial Misconduct

In his second claim, Petitioner alleges that the Government engaged in prosecutorial misconduct by presenting the alleged "tampered with" affidavit to the Court.  (D.E. 1 at PageID 5; D.E. 4 at PageID 24-28.)  This contention is based on the same allegations that serve as the basis for his claim of ineffective assistance of counsel, which the Court has rejected as without merit.  Accordingly, Fitts's claim of prosecutorial misconduct is similarly without merit and is DENIED.

Claim 3:  Doctrine of *Autrefois Acquit*

Petitioner argues in his final claim that his federal prosecution is prohibited by the doctrine

---

[3] Fitts attempts to litigate the issue of whether he consented to the search of his residence. (D.E. 4 at PageID 21-24.)  The Court did not reach that issue, because it determined that *Leon*'s good-faith exception to the exclusionary rule applied and that the allegations of tampering were untimely.  (19-cr-10097, D.E. 53 at PageID 171-72, 174.)

[4] Petitioner contends that the Court "has already found Ms. Martin's performance was deficient" based on the Court's determination that counsel had failed to show good cause for failing to file a timely motion to suppress.  (D.E. 4 at PageID 19.)  Fitts is incorrect.  The Court made no finding of deficient performance; it simply denied the motion based on counsel's failure to comply with Rule 12.  (19-cr-10097, D.E. 53 at PageID 174.)

of *autrefois acquit*.[5]  (D.E. 1 at PageID 7; D.E. 4 at PageID 28-29.)  The Government responds that this assertion is barred by the waiver provision in Fitts's plea agreement.  (D.E. 14 at PageID 66.)  Under the terms of this agreement, Fitts "knowingly and voluntarily waive[d] his right to challenge his sentence under § 2255, except with regard to claims relating to prosecutorial misconduct or ineffective assistance of counsel."  (19-cr-10097, D.E. 60 at PageID 188.)

"It is well-established that any right, even a constitutional right, may be surrendered in a plea agreement if that waiver was made knowingly and voluntarily."  *United States v. Wilson*, 438 F.3d 672, 673 (6th Cir. 2006) (citation omitted).  Here, Petitioner knowingly and voluntarily waived his right to pursue a § 2255 motion, except to bring claims of ineffective assistance of counsel and prosecutorial misconduct.  (19-cr-10097, D.E. 60 at PageID 188.)  The waiver provision was part of the bargained-for exchange with the Government, which resulted in the dismissal of Count 3 of the indictment and lowered Fitts's sentencing exposure.  (*See id.*, D.E. 60 at PageID 185.)  The Government also agreed to recommend that Petitioner receive a two-level adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(a).  (*Id.*, D.E. 60 at PageID 186.)

Fitts argues for the first time in his reply that the waiver provision in his plea agreement is invalid because the Government breached the terms of the agreement by failing to recommend that he receive a sentence reduction under § 3E1.1(a) for acceptance of responsibility.  (D.E. 16 at PageID 84-85.)  However, at sentencing, the Government complied with the terms of the plea agreement by recommending the two-level reduction under § 3E1.1(a).  (19-cr-10097, D.E. 83 at PageID 310, 332-33.)  Petitioner did not receive the third point under § 3E1.1(b) (*Id.*, D.E. 83 at

---

[5] *Autrefois acquit* is a "common-law plea in bar of arraignment asserting that the defendant has been acquitted of the offense."  *Autrefois acquit*, *Black's Law Dictionary* (11th ed. 2019).

PageID 310-11), because the Government did not agree to move for the additional point (*see id.*, D.E. 60 at PageID 186-87).   As the waiver provision in Fitts's plea agreement is valid and enforceable, the Court DENIES his claim invoking the doctrine of *autrefois acquit* as barred by the terms of his plea agreement.

Furthermore, if the Court did reach the merits, Petitioner's claim would still fail because his federal prosecution was permissible under the dual-sovereignty doctrine.  *Gamble v. United States*, 587 U.S. 678, 681-82 (2019).  This doctrine provides that "a crime under one sovereign's laws is not 'the same offence' as a crime under the laws of another sovereign," even if the two sovereigns prosecute the individual for the same conduct.  *Id.*  Consequently, "two offenses are not the 'same offence' for double jeopardy purposes if prosecuted by different sovereigns."  *Id*. (internal quotation marks and citation omitted).  Thus, the dual sovereignty doctrine permitted Fitts's federal prosecution, even though he had previously faced state charges arising from the same conduct.  *See id*.

CONCLUSION

For the reasons set forth above, the Court holds that Fitts's conviction and sentencing were not in violation of the Constitution or laws of the United States, and his motion to vacate, set aside, or correct his sentence under § 2255 will be DENIED.

APPELLATE ISSUES

A § 2255 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).  A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should

have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

In this case, reasonable jurists would not debate the correctness of the Court's decision to deny the § 2255 Motion.  Because any appeal by Fitts does not deserve attention, the Court DENIES a certificate of appealability.

A habeas petitioner seeking to appeal must pay the $605 filing fee required by 28 U.S.C. §§ 1913 and 1917.  Under Rule 24(a)(1) of the Federal Rules of Appellate Procedure, a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit.  Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the petitioner must move to proceed in forma pauperis in the appellate court.  *See* Fed. R. App. P. 24(a)(4)-(5).

For the same reason it denies a COA, the Court finds that any appeal would not be taken in good faith.  The Court therefore CERTIFIES under Rule 24(a) that any appeal would not be taken in good faith and DENIES Fitts leave to appeal in forma pauperis.

IT IS SO ORDERED this 22nd day of March 2024.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

12